UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ISRAEL NIEVES,**

        **Petitioner,**

**v.**                                           **Case No: 6:17-cv-235-Orl-41TBS**

**SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,**

        **Respondents.**
_____/

## ORDER

THIS CAUSE is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner also filed a supporting Memorandum of Law ("Memorandum," Doc. 2). Respondents filed a Response to Petition ("Response," Doc. 9) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 13) to the Response. For the reasons set forth herein, the Petition is denied.

### I. PROCEDURAL BACKGROUND

The Grand Jurors in the Ninth Judicial Circuit charged Petitioner by indictment in Orange County, Florida with one count of first degree murder (Count One), one count of attempted first degree murder with a firearm (Count Two), and one count of aggravated assault with a firearm (Count Three). (Doc. 12-1 at 4). The trial court granted Petitioner's motion for a judgment of acquittal as to Count Two, and a jury found Petitioner guilty of the lesser-included offense of second degree murder as to Count One and not guilty as to Count Three. (*Id*. at 512, 736-37). The trial court adjudicated Petitioner guilty of second degree murder and sentenced him to life

imprisonment. (*Id*. at 741-43). Petitioner filed a direct appeal with Florida's Fifth District Court of Appeal ("Fifth DCA"), which affirmed *per curiam*. (Doc. 12-2 at 66).

Petitioner next filed a petition for writ of habeas corpus, which the Fifth DCA denied. (Doc. 12-3 at 12-37; Doc. 12-5 at 2).

Finally, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied. (Doc. 12-5 at 4-17; Doc. 12-6 at 1-17; Doc. 12-8 at 2-5). The Fifth DCA affirmed *per curiam*. (Doc. 12-9 at 48).

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

The AEDPA sets forth a standard that makes granting habeas relief difficult on a claim that the state court has adjudicated on the merits. *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). Under AEDPA, a federal court may only grant habeas relief on a claim if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary" to clearly established federal law if the state court "arrives at a conclusion opposite to that reached by" the Supreme Court or decides a case differently than the Supreme Court when faced with a case involving materially indistinguishable facts. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Moreover, a state court decision constitutes an "unreasonable application" of clearly established federal law, where the court identifies the correct governing principles, but unreasonably applies those principles to a petitioner's case. *Id*. at 1261.

### B. Standard for Ineffective Assistance of Appellate Counsel

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).[1]

Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). Likewise, appellate counsel need not brief issues reasonably considered to be without merit. *Alvord*, 725 F.2d at 1291. Appellate counsel must be allowed to exercise his (or her) reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . . " *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

### III. ANALYSIS

Petitioner alleges one claim in the Petition: appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred with regard to its response to a question posed by the jury. (Doc. 1 at 5). This claim was raised in Petitioner's petition for writ of habeas corpus, which the Fifth DCA denied.

---

[1] The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.

During deliberations, the jury submitted two questions to the trial court: "The first reads: Can the defendant be convicted of first degree murder without being the shooter? And the second question reads: What makes an act a criminal act, can you give us an example." (Doc. 12-1 at 713). Petitioner's claim involves the first question submitted by the jury.

The trial court heard argument from the parties, and the prosecutor suggested that the trial court "consider giving the principal theory at this time." (*Id*. at 718). Petitioner's counsel objected on the basis that the jury instructions had been decided before closing argument and that he had been unable to argue the application of a principal instruction to the facts of the case. (*Id*. at 718-19). Petitioner's counsel suggested that the trial court respond that "[u]nfortunately, I cannot answer that question. Please refer to the instructions in the first degree murder instruction." (*Id*. at 719-20).

The trial court answered the first question as follows: "Yes, if you believe the State has proven each and every element of first degree murder beyond a reasonable doubt, and the killing was not excusable or justifiable homicide, as I have already instructed you." (*Id*. at 719, 723). Petitioner's counsel objected to the response.

According to Petitioner, although the trial court's response to the first question was "technically correct, the State neither presented a principal argument nor requested the principal instruction [which] rendered said response an incomplete statement of the law." (Doc. 1 at 5). Petitioner states that the "jury ultimately returned a verdict which indicated that Petitioner was the perpetrator of the crime, unequivocally establishing that they relied upon the Court's incomplete statement of the law and solely found Petitioner guilty as a principal." (*Id*.). Petitioner argues that appellate counsel was ineffective for failing to raise this argument on appeal.

The trial court's response was correct in that under "statutory principal liability in Florida, a principal can include not only the actual actor responsible for the crime, but also, in some cases, a non-participant to the actual act." *Barron v. State*, 990 So. 2d 1098, 1109 (Fla. 3d DCA 2007). The trial court specifically referred the jury back to the instruction given for first degree murder and never read a principal instruction to the jury. Under the circumstances, there has been no showing that the trial court acted improperly.

Further, there has been no showing of prejudice. While Petitioner argues that the response given to the jury with regard to the first-degree murder charge influenced the verdict, Petitioner was found guilty of the lesser included offense of second degree murder. Thus, Petitioner was not convicted of first degree murder, which was the sole offense to which the jury's question was directed.

Finally, the record reflects that Petitioner's appellate counsel raised two issues on direct appeal. Petitioner's appellate counsel submitted an initial brief which was comprehensive, thorough, and well-argued. *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work). The fact that this other issue might have succeeded in the state appellate court "does not lead automatically to the conclusion that [Petitioner] was deprived of a constitutional right when his lawyer failed to assert such a claim." *Woodfork v. Russell*, No. 92-4301, 1994 WL 56933, at *4 (6th Cir. Feb. 24, 1994) (unpublished opinion).

In the present case, the Court finds that appellate counsel's decision not to pursue the other issue was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second-guessed. *See Gray v. White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. Jan. 6, 1997) ("appellate counsel does not have a

constitutional duty to raise every nonfrivolous issue requested by defendant. The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.") (citations omitted); *Carlos v. Cruz*, No. CV 96-5209 (RED), 1997 WL 269591, at *4 (E.D.N.Y. April 21, 1997) ("On appeal, counsel is not required to argue every non-frivolous issue; rather, the better strategy may be to focus on a few more promising issues so as not to dilute the stronger arguments with a multitude of claims"; moreover, the Court must not second-guess the reasonable decisions of appellate counsel to press certain issues instead of others, and the lack of success on appeal is not a basis to impugn appellate counsel's reasonable choices or performance).

Accordingly, in light of 1) the discretion afforded to appellate counsel in selecting those issues most promising for review, and 2) Petitioner's failure to demonstrate that this other issue would have been viable on appeal, the Court finds that appellate counsel's performance was not deficient and that Petitioner has not demonstrated prejudice. Hence, this claim must fail.[1]

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.

---

[1] Further, the Court finds that this claim is precluded by section 2254(d). In considering these issues, Petitioner has not shown that the state appellate court applied a rule that contradicted the governing law set forth in the cases of the United States Supreme Court. Additionally, there is no indication that the result reached by the state appellate court was at odds with any United States Supreme Court case which considered "materially indistinguishable facts." Finally, Petitioner has not demonstrated that the state appellate court's application of the clearly established law regarding this claim was objectively unreasonable.

2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot demonstrate that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.
2. This case is **DISMISSED with prejudice**.
3. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.
4. Petitioner is **DENIED** a certificate of appealability in this case.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party